IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY HARRIS, JR., | § | |
| TDCJ-CID NO.648915, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2952 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Johnny Harris, a state inmate presently in custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), challenges the length of his incarceration pursuant to 28 U.S.C. § 2254. After reviewing the pleadings, the Court will dismiss the habeas corpus petition because the petitioner's claims are frivolous.

I. BACKGROUND

Petitioner reports that in May, 1992, he entered a plea of guilty to three counts of aggravated robbery in cause numbers 607267, 624914, and 624916 and to one count of possession of cocaine in cause number 607201 in the 177th Criminal District Court of Harris County, Texas. The state district court found him guilty as charged and sentenced him to fifteen years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner did not appeal the convictions. (*Id.*).

Petitioner was subsequently released on parole, only to have his parole revoked. (*Id.*). He sought state habeas relief on December 20, 2005 from the revocation of parole. (*Id.*). On August 8, 2007, the Texas Court of Criminal Appeals denied his

state habeas application without written order on the trial court's findings without a hearing. *See Ex parte Harris*, Application No.24-707-09, Texas Court website.

In the pending petition, petitioner challenges the consequences of his subsequent parole revocation, namely, the loss of time spent while he was out of physical custody or "street time." (Docket Entry No.1-2). Petitioner's claims are without an arguable basis in law.

II. DISCUSSION

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the reasons to follow, the Court finds that petitioner's habeas claims lack an arguable basis in law and must be dismissed on that ground. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

A. Due Process

Petitioner claims that the Texas Board of Pardons and Paroles ("Parole Board") illegally extended his sentence by the forfeiture of his street time upon revocation of his parole. (Docket Entry No.1-2). To the extent that petitioner contends such forfeiture violates his rights to due process, his contention is without merit.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 17 (1979). The street time accumulated while on conditional release does not operate to reduce the sentence of a parole violator returned to prison. *Starnes v. Connett*, 464 F.2d 524 (5th Cir. 1972). Under federal law, a prisoner does not receive credit toward his

calendar time for time spent on conditional release if the prisoner violates the conditions of his release. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001).

Under former Texas law, an inmate whose parole release was revoked prior to September 1, 2001, was not entitled to a credit against his sentence for the street time he had accumulated prior to the revocation. *See* TEX. GOV'T CODE § 508.283, formerly codified at TEX.CRIM. PROC.CODE art. 42.18, § 14(a). Such was the law in Texas since at least 1965. *Ex parte Canada*, 754 S.W.2d 660, 661 n. 2 (Tex. Crim. App. 1988). Therefore, under the statutory scheme in place prior to September 1, 2001, state inmates had no constitutionally protected liberty interest in retention of street time upon revocation of parole. *Thompson*, 263 F.3d at 426. To the extent that petitioner's parole was revoked prior to September, 2001, he had no constitutionally protected liberty interest in his accrued street time and no cognizable habeas ground with respect to the loss of his accrued street time regarding such revocation.

Under the amended statutory scheme, certain inmates whose parole was revoked on or after September 1, 2001, are entitled to some street time credit upon their return to prison. *See* TEX. GOV'T CODE § 508.283(c); *Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004). The Fifth Circuit has held that this amendment may have created a constitutionally protected liberty interest in retention of street time by some prisoners whose release was revoked after September 1, 2001. *See Whitley v. Dretke*, 111 Fed. Appx. 222, 223, 2004 WL 1895117 (5th Cir. 2004) (unpublished). Section 508.283, however, does not apply to offenders convicted of certain offenses, including aggravated robbery. See TEX. GOV'T CODE §§ 508.283(b), (c); 508.149(a)(12). In such cases, the former law still applies. *Id.* § 508.283(c).

Petitioner's aggravated robbery convictions make him ineligible for the street time credit allowed for some offenders under § 508.283 of the Texas Government Code. Thus, petitioner has no protected property interest in the retention of his street time credits, and no right to due process in connection with the forfeiture of such street time credits. *See Wilson v. Quarterman*, Civil Action No.4:06-2042, 2006 WL 1737534 (S.D. Tex. 2006).

B. *Ex Post Facto* Clause and Bill of Attainder

Petitioner alleges that the Parole Board has violated the *Ex Post Facto* Clause and enacted a bill of attainder "by using erroneous facts and evidence to unlawfully confine[] application for time which exceedes [sic] original sentence." (Docket Entry No.1-2).

To constitute a violation of the *Ex Post Facto* Clause, a change in law must be both retroactive and to an inmate's detriment. *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997). The courts must determine whether the change produced a sufficient risk of increasing the measure of punishment attached to the covered crimes. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 509 (1995).

As previously noted, Texas law has provided since at least 1965 that a person is not entitled to credit for street time following revocation of parole. Therefore, the forfeiture of street time credit following his parole revocation did not increase petitioner's punishment for the offense beyond what was prescribed when the crime was committed. *See Morrison v. Johnson*, 106 F.3d 127, 129 n. 1 (5th Cir. 1997). Petitioner still must serve the same sentence imposed by the trial court and permitted by Texas law at the time of the offense. No *ex post facto* grounds for habeas relief are shown.

Petitioner's claim that the Parole Board's decision to forfeit his street time credit constitutes a bill of attainder also fails. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468 (1977). Petitioner fails to show that he was the victim of a bill of attainder because he is not an identifiable individual under the Texas statute regarding sentence computation upon revocation of parole.

C. Separation of Powers

Next, petitioner contends that the Parole Board violated the separation of powers doctrine by usurping the authority of the Texas judiciary to sentence a convicted felon to a continuous sentence. (Docket Entry No.1-2).

The federal doctrine of separation of powers holds that "the accumulation of all powers legislative, executive, and judiciary in the same hands, whether of one, a few, or many, and whether hereditary, self-appointed, or elected, may justly be pronounced the very definition of tyranny." James Madison, *The Federalist* (no. 47) (January 30, 1788). Such doctrine has never been incorporated and is not enforced against the states. *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979). Therefore, even if state law violated the doctrine, such act would be a matter only of state law, not federal law, not meriting federal habeas corpus relief.

Even if his claim were cognizable, no violation is shown. The term of petitioner's sentence has not been altered by an act of the Executive or the Legislature. Petitioner is not entitled under Texas law for credit toward his sentence for the time that he spent on parole, which was later revoked. He received a 15-year sentence from the Judicial branch of the

Government, and this sentence is being computed by the Executive branch under the laws put into effect by the Legislature. Under these laws, the time which petitioner spent on parole, which was subsequently revoked, is not counted toward the term of his sentence.

Moreover, Article IV, section II of the Texas Constitution grants the Legislature the power to establish a Board of Pardons and Paroles and to make laws effecting and affecting parole. *Garrett v. State*, 768 S.W.2d 943, 946-47 (Tex. App.–Amarillo, 1989), *affirmed*, 791 S.W.2d 137 (Tex. Crim. App. 1990). The law under which petitioner was convicted mandated that he was subject to conditions of supervision as determined by the Board of Pardons and Paroles. TEX. CODE CRIM. PROC. ANN. art. 42.18 § 8(c) (Vernon Supp. 1990) (repealed, current version at TEX. GOV'T CODE ANN. § 508.154 (Vernon 2004)). The Texas Board of Pardons and Paroles has such authority under state law to revoke parole, *see* TEX. GOV'T CODE ANN. § 508.283 (Vernon 2004), and there is no indication from petitioner that the Board's actions in exercising its legal authority violated any of his constitutional rights.

Petitioner's complaint that the forfeiture of street time has caused him to serve his sentence in installments is also without merit. Texas common law provides that a sentence must be continuous and an inmate cannot be required to serve his sentence in installments unless the unlawful release was the prisoner's fault. *Thompson*, 263 F.3d at 436-27. Petitioner's release on parole did not postpone the date that he could be expected to be free from his sentence; the revocation of his parole caused him to be deprived of credit for the time he spent on parole, in accordance with Texas law. *See Moultrie v. Georgia*, 464 F.2d 551, 553 (5th Cir. 1972) (holding violation of parole interrupts sentence).

D. Double Jeopardy

Petitioner contends that the Parole Board violated the prohibition against double jeopardy by inflicting a greater punishment than imposed and required by the law annexed to the crime when committed. (Docket Entry No.1-2). The Double Jeopardy Clause of the Fifth Amendment affords protection against the imposition of multiple criminal punishments for the same offense. *Hudson v. U.S.*, 522 U.S. 93, 99 (1997). The forfeiture of petitioner's street time credit pursuant to Article 42.18 of the Texas Code of Criminal Procedure or Section 508.283 of the Texas Government Code has not caused petitioner to endure a criminal punishment more severe than that assigned by law when the criminal act occurred. Texas law has provided that a person is not entitled to credit for "street time" or "flat time" following revocation of his parole or supervised release. *See Campos v. Johnson*, 958 F. Supp. 1180, 1192 (W.D. Tex. 1997) (citing *Ex parte Palomo*, 759 S.W.2d 671, 673 (Tex. Crim. App. 1988) and *Ex parte Henderson*, 645 S.W.2d 469, 471-72 (Tex. Crim. App. 1983)). Moreover, the Fifth Circuit has declined to extend the constitutional prohibition against multiple punishments to parole revocation proceedings. *Morrison v. Johnson*, 106 F.3d 127, 129 n. 1 (5th Cir. 1997) (rejecting argument that Texas law violates double jeopardy by requiring parolee to serve out entire sentence after parole revoked); *Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 46-47 (5th Cir. 1991) (doubting that double jeopardy applies to federal parole revocation proceedings because goal of proceedings is not to punish a violation of criminal law, but to determine whether violation of parole terms occurred). Petitioner is not entitled to habeas relief on this claim.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.2) is DENIED.

2. Petitioner's habeas claims are DENIED.

3. Petitioner's habeas action is DISMISSED, with prejudice.

4. A certificate of appealability is DENIED.

5. All pending motions, if any, are DENIED.

SIGNED at Houston, Texas, this 10th day of October, 2007.

Melinda Harmon
United States District Judge